IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES P. RAZEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-04-E |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 17th day of September, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12), filed in the above-captioned matter on May 31, 2019,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10), filed in the above-captioned matter on April 29, 2019,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I. **Background**

On July 14, 2015, Plaintiff James P. Razey filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Specifically, Plaintiff claimed that he became disabled on May 10, 2015, due to epilepsy. (R. 60).

1

After being denied initially on September 10, 2015, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on November 13, 2017. (R. 28-51). In a decision dated January 29, 2018, the ALJ denied Plaintiff's request for benefits. (R. 13-24). The Appeals Council declined to review the ALJ's decision on November 6, 2018. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—

particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment ("Listing"). See 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant

meets a Listing, a finding of disability is automatically directed. If the claimant does not meet a Listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III.    The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since May 10, 2015. (R. 15). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, specifically, epilepsy and alcohol dependence. (R. 15). The ALJ further concluded that Plaintiff's impairments did not meet any of the Listings that would satisfy Step Three. (R. 17).

The ALJ next found that Plaintiff retained the RFC to perform a full range of work at all exertional levels, except he must avoid all exposure to dangerous machinery and unprotected

heights, cannot perform jobs requiring use of a motor vehicle or other motorized vehicles, and can do simple, unskilled work. (R. 17). At Step Four, the ALJ found that Plaintiff was unable to perform any past relevant work, so he moved on to Step Five. (R. 22). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as bagger, dining room attendant, and hand packager. (R. 23). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 23).

**IV.    Legal Analysis**

Plaintiff raises several arguments as to why he believes that the ALJ erred in finding him to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Plaintiff argues, in part, that the ALJ impermissibly excluded probative evidence from the record without considering whether good cause existed for the late submission of such evidence. Plaintiff further contends that, by rejecting such relevant evidence, the ALJ's findings at Step 2, his RFC assessment, and his credibility findings were all impacted. Upon review, the Court finds that, because the ALJ failed to explain the rationale for his decision to exclude the evidence at issue, the Court cannot determine whether the ALJ properly excluded such evidence and thus whether he considered all relevant evidence in reaching his decision. The Court, therefore, cannot find that the ALJ's decision is supported by substantial evidence, and will, accordingly, remand the case for further consideration.

In the introductory section of his decision, the ALJ cited to 20 C.F.R. § 404.935(a) and explained that "[i]f the claimant wishes that written evidence be considered at the hearing, then

5

the claimant must submit or inform the [ALJ] about the evidence no later than five business days before the date of the scheduled hearing." (R. 13). The ALJ then stated that, pursuant to 20 C.F.R. § 404.935(b), if the claimant misses this deadline but submits or informs the ALJ about written evidence before the hearing decision is issued, he will accept the evidence if:

> (1) an action of the Social Security Administration misled the claimant; (2) the claimant had a physical, mental, educational, or linguistic limitation(s) that prevented submitting or informing the [ALJ] about the evidence earlier, or (3) some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented the claimant from submitting or informing the [ALJ] about the evidence earlier.

(R. 13).

The ALJ noted that Plaintiff had submitted or informed him about additional written evidence less than five days before the hearing date, but that he had declined to admit this evidence "because the requirements of 20 CFR 404.935(b) [were] not met." (R. 13).

When discussing the severity of Plaintiff's impairments at Step Two of his analysis, the ALJ explained that Plaintiff claimed to have shoulder problems, "[h]owever, there is no medical evidence of any shoulder impairment." (R. 16). The ALJ then clarified that Plaintiff had actually submitted medical records from Champion Orthopedics (which concerned treatment of Plaintiff's shoulder problems), but that those records were not admitted into evidence because Plaintiff's counsel "did not submit or inform the Administrative Law Judge about the evidence no later than five business days before the date of the scheduled hearing." (R. 16).

The Court notes that the transcript of the administrative hearing reveals the entirety of the ALJ's consideration of whether to admit such records. In response to the ALJ's questioning about impairments that limit his ability to work, Plaintiff discussed his shoulder problems and

6

referred to his "bone doctor." (R. 32-33). The ALJ asked for clarification, and Plaintiff supplied the name of the practice where he had been treated:

> [Pltf] Champion Orthopedics over in Powersport, Pennsylvania.
>
> [ALJ] Okay, which record is this because I didn't see it in there?
>
> Atty Judge, that's a record that we are waiting on. It is something that Mr. Razey recently brought to our attention.
>
> ALJ Okay, beyond the five-day period so I'm not going to allow that.

(R. 33).

The ALJ did not question Plaintiff's counsel about when such evidence had been requested or whether Plaintiff's counsel had encountered difficulty in obtaining the evidence, nor did the ALJ engage in any further discussion of the evidence. Moreover, at the end of the hearing, the ALJ emphasized, "All right, the hearing is closed. The record was closed earlier." (R. 50-51). Nevertheless, Plaintiff's counsel submitted the treatment records from Champion Orthopedics on December 20, 2017. (R. 52-59). The ALJ issued his decision over a month later, on January 29, 2018, and did not include the later submitted evidence in the record.

The ALJ correctly explained in his decision that a claimant generally must inform the ALJ about evidence or provide evidence to the ALJ five days before the scheduled hearing date. See 20 C.F.R. § 404.935(a). However, Section 404.935(a) further provides that, if a claimant fails to comply with this timing, the ALJ "may" decline (not that he must decline) to consider such evidence, unless any of the circumstances set forth in paragraph (b) are present. Moreover, although the ALJ quoted the part of Section 404.935(b) which lists such circumstances, he failed to include in his analysis the portion of Section (b)(3) which gives examples of an "unusual, unexpected, or unavoidable circumstance." Notably, Section 404.935(b)(3) states that examples

7

of such circumstances where the ALJ will not decline to consider evidence "include, but are not limited to" situations where a claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. § 404.935(b)(3)(iv).

Here, when Plaintiff's counsel informed the ALJ that he had recently learned about certain medical records and that they were "waiting on" them at the time of the hearing, the ALJ flatly stated that he would not allow them to be admitted because the five-day period had passed. (R. 33). The ALJ asked no questions about the circumstances surrounding the request for such records. In his decision, the ALJ then stated that Plaintiff submitted or informed the ALJ about additional written evidence less than five days before the scheduled hearing date. The ALJ declined to admit such evidence, stating that the "requirements" (the correct term is actually "circumstances") of Section 404.935(b) were not met. As the ALJ cut off further discussion of the evidence, it is not apparent to the Court how he could have known that none of the circumstances described in Section 404.935(b) existed. And, as the ALJ failed to explain how he determined that none of those circumstances existed, it is not apparent to the Court whether the ALJ properly excluded such evidence from the record and, thus, from his consideration.[1]

Moreover, the Court cannot find that—if the ALJ did err in excluding such evidence— the failure to admit such evidence constituted harmless error. The evidence that the ALJ rejected contained treatment records for Plaintiff's shoulder issues. The ALJ did not find that Plaintiff to had a severe shoulder impairment, nor does the RFC in this case contain any exertional limitations. More specifically, the RFC includes no limitations related to lifting, carrying, pushing or pulling, or other limitations that would be expected to be included if a

---

[1] The Court also notes that "ALJs have a duty to develop a full and fair record in Social Security Cases." Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995).

8

shoulder impairment was present. Since such additional limitations could have significantly impacted the occupational base for the types of work that Plaintiff could perform, a finding that Plaintiff had such limitations could have affected the ultimate outcome in this case. See Gray v. Comm'r of Soc. Sec., No. 13-134, 2014 WL 1248024, at *3 (W.D. Pa. Mar. 26, 2014).

Thus, the ALJ erred in providing no discussion of, or explanation for, his determination that no special circumstances set forth in 20 C.F.R. § 404.935(b) existed in this case. Because it is not clear to the Court that the ALJ properly refused to admit the evidence at issue, the Court also finds that the ALJ's decision is not supported by substantial evidence. While the ALJ is certainly permitted to exclude later submitted evidence from the record, the Court finds that the ALJ's justification for his decision to do so in this case is simply insufficient. Thus, remand is required to allow for further discussion as to the ALJ's decision whether or not to exclude the evidence at issue. Further, the ALJ should verify that his conclusions concerning the severity of Plaintiff's impairments and Plaintiff's RFC—as well as his findings regarding the credibility of all of Plaintiff's symptoms—are fully explained, in order to eliminate the need for any future remand.

## V. Conclusion

In short, because the ALJ failed to provide an adequate explanation for his decision to exclude the above-referenced medical evidence from the record, the Court cannot find that the ALJ properly excluded such evidence. Further, because the Court cannot find that the ALJ considered all relevant evidence in this case, and because failure to consider relevant evidence could have impacted the ALJ's findings, including his findings regarding the severity of Plaintiff's impairments, his credibility, and his RFC, the Court finds that substantial evidence

does not support the ALJ's ultimate decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

<u>s/ Alan N. Bloch</u>  
United States District Judge

ecf: Counsel of record